UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | Bankruptcy Case |
| ) | No. 05-75085-fra7 |
| SCOTT B. DUFFUS and ) | |
| WENDY K. DUFFUS, ) | |
| ) | MEMORANDUM OPINION |
| Debtors. ) | |

The Trustee has filed a motion for an order dismissing this case pursuant to 11 U.S.C. § 521(e)(2)(B). The Court finds that the motion should be denied.

I. FACTS

The Debtors' petition for relief was filed on December 28, 2005. The first meeting of creditors (Code § 341(a)) was scheduled for January 27, 2006, and notice to that effect was issued by the Court and served on the Debtors and their attorney on December 28.

The Debtors, through their attorney, delivered a copy of their last tax return to the Trustee four days before the § 341(a) meeting. The Trustee filed a motion to dismiss the case, because the returns were
// // //

Page 1 - MEMORANDUM OPINION

not provided seven days prior to the § 341(a) meeting as the statute requires.

As it happens, the returns were in the Debtors' attorney's possession from the time of their initial meeting, and in enough time to make a timely delivery to the Trustee. The Debtors assert that they had done all they could do to ensure delivery, and should not be penalized by the attorney's oversight.

In his motion, the Trustee notes that he "[does] not advocate for dismissal," and that he has identified possible assets for distribution.

## II. DISCUSSION

Code § 521(e) was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. It provides at § 521(e)(2) that:

> (A) The debtor shall provide –
>
> (I) not later than seven days before the date first set for the first meeting of creditors, to the trustee a copy of the federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case, and for which a federal income tax return was filed; and
>
> (ii) at the same time the debtor complies with clause (I), a copy of such return (or if elected under clause (I) such transcript) to any creditor that timely requests such copy.
>
> (B) If the debtor fails to comply with clause (I) or (ii) of subparagraph (a), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

Both parties agree that there are assets available to the estate for distribution to creditors. Nevertheless, the Trustee

Page 2 - MEMORANDUM OPINION

maintains that he has no choice but to file the motion.[1]  The Trustee is mistaken.  Where, as here, dismissal is contrary to the interest of the estate and of creditors, the Trustee has the authority to waive an untimely delivery of documents simply by declining to file a motion.

There is substantial authority that trustees have such "prosecutorial discretion." See <u>Society Bank v. Sinder (In re Sinder)</u>, 102 B.R. 978 (Bankr. S.D. Ohio 1989), <u>Larson v. Munoz (In re Munoz)</u>, 111 B.R. 928 (D. Col. 1990), <u>In re. V. Savino Oil & Heating Co., Inc.</u>, 91 B.R. 655 (Bankr. E.D.N.Y. 1988).  While most of the cases involve the initiation of adversary proceedings, the same principle applies here.  It is the Trustee's principal duty to accumulate assets for distribution to creditors.  This obligation is not necessarily trumped by a perceived duty to police every aspect of the case.[2]

This is not inconsistent with the structure of the Code, as amended by BAPCPA.  The ordinary predicate for any order is a motion.  F. R. Bankr. P. 9014.[3]  This applies to nearly every proceeding which may result in dismissal.  *See, e.g.* Code §§ 707, 1112, 1208, 1307.  Where the Congress intended that a case be dismissed automatically, and without

---

[1] The Court wrote to the parties, and to the U.S. Trustee, asking them to comment on the issue of whether a trustee has the discretion to decline to file a motion to dismiss.  There was no substantial response to the Court's inquiry.  Particularly disappointing is the U.S. Trustee's failure to comment one way or the other.  Neither the Trustee nor the U.S. Trustee appeared at the hearing.

[2] In fact, given the structure of the modern Code, it may be argued that the policing duty has been shifted by the Congress to the U.S. Trustee.  See 11 U.S.C. § 307.

[3] The Rule provides that "In a contested matter not otherwise governed by these rules, relief shall be sought by motion...."

Page 3 - MEMORANDUM OPINION

the need for a motion, it said as much. *See* § 521(i)(1)[4]

Application of the wrong legal standard in the exercise of discretion constitutes an abuse of that discretion. Cf. <u>In re Beatty</u>, 162 B.R. 853, 855 (BAP 9th Cir. 1994). The Trustee failed to consider the estate's interest in determining whether or not to file his motion, in the erroneous belief that such interest could not be taken into account. Accordingly, the motion should be denied.

The foregoing constitutes the Court's findings of fact and conclusions of law. An separate order denying the trustee's motion will be entered.

FRANK R. ALLEY, III
Bankruptcy Judge

---

[4] § 521(i)(1):"....if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismisses effective on the 46th day after the date of the filing of the petition."

Page 4 - MEMORANDUM OPINION